IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED PRISON MINISTRIES INTERNATIONAL, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 2:20-CV-903-WKW<br>) [WO] |
| RICHARD BLAND and PRISON MINISTRIES, | )<br>)<br>) |
| Defendants. | ) |

# **ORDER**

Before the court is Plaintiff United Prison Ministries International's ("UPMI") motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. # 22.) Having obtained an entry of default from the Clerk of the Court (Doc. # 20), Plaintiff seeks a default judgment against Defendants Richard Bland and Prison Ministries on Counts 1 and 2 of its verified complaint. Because "all essential evidence is already of record," *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005), the motion is due to be granted without the need for an evidentiary hearing.

UPMI alleges that Defendant Richard Bland, one of the co-founders of UPMI, retired from UPMI in 2009, and was "formally removed" as its director in 2011 "because his physical and mental health had declined to the point where his behavior

was erratic." (Compl. ¶¶ 12–15.) On January 24, 2020, Mr. Bland, acting under the business name "Prison Ministries," solicited and received $1,250,000 from the former chairman of McKee Foods Corporation, who had a long-standing relationship with UPMI and Mr. Bland. (Compl. ¶¶ 16–19.) Mr. McKee believed that his donation was for UPMI's Verbena Hills Farm Training Center and Housing project. (Compl. ¶ 19.) Instead, around February 2020, Mr. Bland loaned $500,000 of the donation to Lifetime Natural Organic Farm, LLC, and in March 2020, Mr. Bland gave $700,000 of the money to a non-profit in Tennessee, called MEET Ministries. (Compl. ¶¶ 23, 26–27.) Mr. Bland also "is soliciting donations from Plaintiff's current and former donors using the same name, mark, and logo as the Plaintiff." (Doc. # 39–41; Ex. 10 (photograph of Mr. Bland's current business card depicting UPMI's name and logo).)

In Count 1, Plaintiff alleges that Defendant Richard Bland has "used and continues to use the infringing name United Prison Ministries" International and its "mark and logo in connection with the solicitation of Plaintiff's donors," in violation of § 43(a) of the Lanham Act, *see* 15 U.S.C. § 1125(a). (Compl. ¶ 42.) In Count 2, Plaintiff alleges that Defendants wrongfully "used or misused donations meant for Plaintiff," in violation of § 6-5-260 of the Alabama Code. (Compl. ¶ 52.) Plaintiff seeks permanent injunctive relief, attorney's fees, and costs. (Doc. # 22, at 4.)

Based upon the verified complaint, its exhibits, and the supplemental evidence (Docs. # 1, 26), the court finds that Plaintiff has proven liability and that all requirements are satisfied for the entry of default judgment in Plaintiff's favor. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (cleaned up)).

First, "[i]n order to prevail on federal claim of trademark infringement and unfair competition, a trademark owner must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012). Plaintiff has established a valid common-law trademark right in its name and marks that it has used for many years. (*See* Doc. # 26.) It also has established that Defendants' name and marks are substantially the same and likely to and did confuse consumers.[1]

Second, § 6-5-260 of the Alabama Code provides that "[t]he owner of personalty is entitled to possession thereof. Any unlawful deprivation of or

---

[1] UPMI has submitted its marks and logos, accompanied by an affidavit of UPMI's chief financial officer. (Doc. # 26.) UPMI has proven its Lanham Act claim as to its names and logos, with the exception of the "BLC The Better Living Center" name and logo. (*See* Doc. # 26-3.)

interference with such possession is a tort [for conversion] for which an action lies." *Roddy v. City of Huntsville, Ala.*, 947 F. Supp. 2d 1271, 1304 (N.D. Ala. 2013), *aff'd*, 580 F. App'x 844 (11th Cir. 2014).  Plaintiff has established Defendants' liability for the tort of conversion.  Mr. Bland, using the name Prison Ministries, solicited money from a third party under false pretenses; the third party gave $1.25 million to Mr. Bland, believing that UPMI was the recipient of the donation, when it was not.  Mr. Bland deprived UPMI of money that was intended for UPMI and interfered with UPMI's use of those funds.

The court further finds that Plaintiff has demonstrated that Defendant Richard Bland acted willfully in violating Plaintiff's name, marks, and logos and, thus, that Plaintiff is entitled to attorneys' fees.  *See* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); *see also Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) ("[T]o be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." (citation omitted)).

Accordingly, it is ORDERED as follows:

(1)   Plaintiff's motion for default judgment (Doc. # 22) is GRANTED, and its motion for preliminary injunction (Doc. # 1) is DENIED as moot.

(2) Default judgment is entered in favor of Plaintiff and against Defendant Richard Bland on Count 1 and in favor of Plaintiff and against Defendants Richard Bland and Prison Ministries on Count 2.

(3) Defendants, their officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them are permanently enjoined from using Plaintiff United Prison Ministries International's name, marks, and logos (as depicted in Doc. # 26-2, 26-4, and 26-5) or any other names or marks confusingly similar to Plaintiff's, in any manner, including but not limited to using Plaintiff's name, marks, and logos to solicit donations, to open bank accounts, to purchase items, and to claim tax exempt status.

(4) Plaintiff shall recover from Defendants $8,295.00 for reasonable attorney's fees and $655.00 in costs.

(5) Counts 3 and 4 of the verified complaint are DISMISSED.

An appropriate final judgment will be entered separately.

DONE this 28th day of September, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE